GEORGE CURTIS, JR., *versus* HENRY R. DOWNES & *als.*

When a case is referred to the presiding Judge, with the right to except in matters of law reserved, no exceptions lie to his finding of any matter of fact.

It is irregular for the full Court, under a bill of exceptions, to determine controverted matters of fact.

Where a town voted a bounty to certain individuals, and authorized and directed its selectmen to draw orders for such persons as came within the conditions of the vote; and the plaintiff presented to the selectmen satisfactory evidence that he was one of the persons named, and demanded his order; and the selectmen, without assigning any reason therefor, refused to give the order; and in ten days thereafterwards, the plaintiff brought case against the selectmen for such refusal: — *Held*, that, upon the foregoing facts alone, this Court cannot pronounce, as matter of law, such refusal to be wilful and malicious; or that it must necessarily be inferred as a fact that it was so.

ON EXCEPTIONS.

CASE against the defendants, as selectmen of Presque Isle, for "unlawfully, wilfully, purposely and maliciously refusing to issue and deliver to plaintiff an order of the town for the sum of three hundred dollars," pursuant to a vote of the town, passed March 18, 1865.

The writ was dated March 28, 1865. The case was referred to the presiding Judge with the right to except.

It appeared from the facts agreed, that, at a town-meeting legally called, and held March 18, 1865, the town, pursuant to an article in the warrant, voted, — "That the selectmen be authorized and instructed to issue a town scrip or order to each and every person, who, having been drafted, has entered the military service of the United States on the past quotas of this town, or who, having put into the army a substitute, either before or after draft, has thereby helped to fill the past quotas of this town; said scrip or order to be for three hundred dollars each, and be made payable in five years with interest;" that the plaintiff was enrolled in the town, and, on the 6th of October, 1864, was duly drafted as a part of its quota, under the call of the President, and then

and there put in a substitute (named) who was accepted and mustered into the service for the term of three years, and was credited to the town's quota; that he presented to the defendants satisfactory evidence that he was then and there lawfully entitled to receive such scrip or order, and made a demand of them therefor; but that the defendants, without asking for any delay, or assigning any reason therefor, refused to deliver the order.

The presiding Judge ruled, *pro forma*, that judgment be entered for the defendants; and thereupon the plaintiff alleged exceptions.

*C. M. Herrin*, for the plaintiff.

*J. Granger*, for the defendants.

KENT, J. — This is a special action on the case against these defendants, selectmen of the town of Presque Isle, for not executing and delivering to the plaintiff a town order, according to the vote of the town.

The counsel for the plaintiff admits that he cannot recover unless it is established that the defendants acted wilfully and purposely, and therefore (legally) with malice.

There are several difficulties in the way of recovery by the plaintiff. The case was referred to the presiding Judge with the right to except in matters of law. It comes up on exceptions to the ruling of the Judge, (*pro forma*, as it is stated,) that "judgment be for the defendants."

There is no statement of any ruling on any question of law. Certain facts are set forth as admitted before the Judge. According to the view of the counsel, before stated, the question of fact, on which the case turned, was whether the selectmen acted wilfully and maliciously. Now the Judge must have either decided this question in favor of the defendants, or he must have intended to refer this question of fact to us, as a law Court. If the former, no exceptions to such finding of facts can be allowed. If the latter, it is, to say the least, irregular; for we are not usually, under

a bill of exceptions, to determine controverted matters of fact.

We see no question arising from any rulings as matter of law.

If we were called upon to determine whether, upon the facts agreed, the plaintiff had proved a wilful and malicious act or refusal on the part of the defendants, we should find great difficulty in establishing that proposition.

The town voted a bounty or gratuity to certain persons; authorized and directed the selectmen to draw orders. The plaintiff presented to defendants *prima facie* evidence that he was one of the persons named in the vote, and made demand for the order; the selectmen, without asking for delay, and without assigning any reason, refused to give the order; and within ten days after, this suit was instituted. We could hardly pronounce, without other facts, that, as matter of law, the refusal and delay was wilful and malicious, or that it must necessarily be inferred as a fact that it was so.        *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.